## MAHALAH CRAY

*v.*

## RYNEAR S. HERDER and PETER Y. HERDER.

Under a devise to A, made subject to the payment of a particular sum to B each and every 1st of April during B's life, the first payment will become due- on that 1st day of April which occurs next after the devise takes effect, no- matter how short the interval may be, if it is at least a day, between the time-- when the devise takes effect and the time when the first payment falls due.

On final hearing on bill and answer.

*Mr. James J. Bergen,* for the complainant.

*Mr. J. D. Bartine,* for the defendants.

VAN FLEET, V. C.

This suit is brought to enforce the payment of $150. Peter- W. Young died testate on the 8th day of March, 1887. By his will he gave his widow the use of all his estate, both real and

personal, during her life, and then directed, by bequest and devise, how his estate, on the death of his widow, should be disposed of and distributed. Among his devises is one to the defendants, which is expressed in these words:

"I give and bequeath to Rynear S. Herder, son of Peter S. Herder, my Griggs farm, containing sixty-nine acres after taking off ten acres adjoining the lot bequeathed to Mahalah Cray, he to have the use of it until his son, Peter Y. Herder, arrives at the age of twenty-one years, then the said sixty-nine acres to be the said Peter Y. Herder's; subject, however, to the payment of $150 each and every first of April to Mahalah Cray during her lifetime, to be paid by Rynear S. Herder during his occupancy of said farm, and each and every first of April thereafter by Peter Y. Herder, his son; also, they are to furnish, make and maintain the fence on the line where the ten acres is taken from. The said payments of $150 every first of April to be a lien upon the said tract of sixty-nine acres until paid."

The testator's widow died on the 26th day of February, 1888. The bill alleges, and the answer admits, that the defendant Rynear accepted the devise and took possession of the land, under the devise, immediately after the death of the widow, and has remained in possession ever since. The point in dispute is, whether, by the terms of the gift to the defendants, a payment of $150 became due on the 1st day of April, 1888. The complainant insists that it did, and the defendants insist that it did not.

The question in dispute must, of course, be decided by what appears to have been the intention of the testator. His will is the law of the case. The defendants say, that if we look at the testator's scheme, rather than at the mere letter of his will, it must be seen that his design was to impose yearly payments upon them—to require them to pay a yearly sum out of the income which they should derive from the land—and that the fair way to read the will, is to read it as requiring them to pay the $150 out of what they should derive from the land, and not out of their own pockets. The principal argument which can be urged in support of this construction is, that it is plain that the testator meant that a year should elapse between each of the payments the defendants are required to make after they have made

the first. But this argument, as is obvious, does not touch the point in dispute. To adopt the defendants' construction would, as it seems to me, result in making a will for the testator, rather than in expounding the will which he made. The testator, as I read his will, has made his meaning as plain as plain language can make it. The devise, stated in substance, is this: Rynear S. Herder is given the use of a farm until his son Peter arrives at the age of twenty-one years; then, that is, when Peter attains his majority, he is to take the farm absolutely, but the gift of the farm, in the language of the will, is "subject, however, to the payment of $150 each and every first of April to Mahalah Cray during her lifetime." These words say, as plainly as language can say, not that the devisees are to pay each and every year during the life of Mahalah Cray, but each and every 1st of April during her life. Their duty, and the complainant's right, are made, by the terms of the gift, to depend wholly on the complainant's being in life when any 1st of April occurs. The duty to pay did not, of course, arise until a right to the possession of the land vested in one or the other of the defendants. As already stated, the widow died on the 26th day of February, 1888. Her death terminated her life estate, and on her death the defendant Rynear became at once entitled to the possession of the land. He took possession at once. He says, in his answer—

"That thereupon" [on the death of the widow] "this defendant accepted the bequest of the Griggs farm upon the terms mentioned in said will, and has had the possession and been in the occupation of said lands from that time until the present."

The direction of the testator as to when the payments were to be made, after the devise took effect in possession, is clear and positive. They were to be made each and every 1st of April during the life of the complainant. The right of the defendant Rynear to possession having accrued on the 26th day of February, 1888, and the complainant being in life on the 1st day of April following, the latter day, by the plain words of the will, became the day on which the first payment fell due. This construction is

the only one which will give effect to the testator's intention, if he meant what his will says, and, if he did not, the court must, nevertheless, give effect to what his will says, for here his will must be taken as the true and only exponent of his intention.

The complainant is entitled to a decree.